JENKINS *v.* JENNICHES.

PARTNERSHIP—ACCOUNTING—EVIDENCE INSUFFICIENT.

In a suit for an accounting, plaintiff claiming to be a partner of defendant and entitled to one-half of the regular renewal interest of defendant in his contract with a life insurance company, the decree of the court below dismissing the bill on the ground that plaintiff had failed to establish his claim by a preponderance of the proof, is affirmed, on appeal.

Appeal from Wayne; Mandell (Henry A.), J. Submitted June 8, 1927. (Docket No. 48.) Decided July 29, 1927. Rehearing denied October 26, 1927.

Bill by Claude C. Jenkins against Bartholomew Jenniches and another for an accounting. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*Henry Glicman,* for plaintiff.

*John P. Scallen* (*John W. Gilmore,* of counsel), for defendant Jenniches.

SHARPE, C. J. In September, 1922, a written agreement was entered into between the United Life & Accident Insurance Company and the defendant whereby the company appointed the defendant its general agent for certain territory in Michigan, spoken of as the Flint district. On October 9, 1922, the plaintiff entered into a subagent's contract with defendant. The parties agree that no service was rendered under it. They both testify that it was supplanted by an oral agreement entered into at about the same time.

Appeal and Error, 4 C. J. § 2870; Partnership, 30 Cyc. pp. 413, 749; 18 L. R. A. (N. S.) 998; 20 R. C. L. 828.

It is plaintiff's claim, supported by his testimony, that under such agreement they were to become partners, and that that relation existed between them until September 1, 1924. Defendant testified that the arrangement was that plaintiff should receive one-half of the net proceeds of the business for his services, and that the word "partnership" was never mentioned between them. The bill of complaint herein is filed by plaintiff for an accounting. In it he claims to be entitled to one-half of the "regular renewal interest" of defendant in his contract with the company. The trial court was of the opinion that plaintiff had not established his claim by a preponderance of the proof, and entered a. decree dismissing his bill, from which he appeals.

There is nothing in the record tending to affect the credibility of either of the parties. The trial court, who heard and saw them as witnesses, found that they "appeared to be of equal credibility," and we cannot but so conclude. While the equal division of the net profits is an element of copartnership, defendant testifies that plaintiff was at all times in his employ, and that his compensation for services rendered was thus fixed. If they were in reality partners, it would have been a great convenience to have had defendant's contract with the company changed to so state, and yet there was apparently no thought of doing so until October, 1923, when defendant wrote the company suggesting such a change, but after some correspondence the matter was dropped. There was nothing in the books kept by them to indicate that they were partners. They were at all times kept as the books of the defendant.

It will serve no useful purpose to quote from the testimony. Plaintiff makes no claim except as to renewal commissions, and to these he is not entitled

unless they were partners.    We cannot say that his claim in this respect is established by a preponderance of the proof.

The decree is affirmed, with costs to appellees.

BIRD, SNOW, STEERE, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.